IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM E. WILKERSON, ) | CASE NO.: 1:08 CV 1033 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| CLEVELAND PUBLIC LIBRARY, et al., ) | |
| ) | MEMORANDUM OPINION |
| Defendants. ) | AND ORDER |
| ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment.  (ECF #15).  Plaintiffs have failed to provide any timely response to this motion.  After careful consideration of the issues and a review of the Complaint (ECF #1),  Defendants' Memorandum in Support of Their Motion for Summary Judgment (ECF #16), and all relevant authority, Defendant's Motion for Summary Judgment is, hereby, GRANTED.

**FACTS AND PROCEDURAL HISTORY**[1]

The Complaint alleges as follows.  Mr. Wilkerson is an African-American male, born on

---

[1] In accordance with the applicable standards on a motion for summary judgment, genuine questions of material fact have been resolved in favor of the non-moving party, in this case, the Plaintiff.

June 13, 1949. (Complaint ¶ 2). He was hired by the Cleveland Public Library as a Library Assistant I in July of 2005. (Complaint ¶ 4). Mr. Wilkerson's position was as a substitute employee: an employee-at-will position, not part of a union bargaining agreement. (Complaint ¶ 8). On or about March 10, 2006, Mr. Wilkerson was asked to consider working on the Library Mobile Unit (Book Mobile) because he had prior experience driving for the RTA (Greater Cleveland Regional Transit Authority). (Complaint ¶ 6). Over the course of his tenure with the library, more than half of the branch locations of the library contacted the Branches & Outreach Services office and specifically requested that Mr. Wilkerson not be scheduled to work at their location because he was unable to get along with other employees and/or patrons. (Ridgeway Aff. ¶¶ 4-8, Ex. C-1 and C-2, Pltf. Depo. Ex. F, Pltf. Depo. pp. 441-42). On August 30, 2007, Mr. Wilkerson received a letter of termination from Sharon Tufts, Human Resources Administrator, terminating him for poor work performance and for demonstrating a confrontational attitude and an inability to work with others. (Complaint ¶ 7).

Mr. Wilkerson contends that his termination constituted "sex discrimination, race discrimination, violation of the Equal Protection of the laws: negligent and intentional infliction of emotional distress, slander, libel, a hostile work environment and retaliation." (Complaint ¶ 10). Mr. Wilkerson further contends that the "Defendants' actions were negligent, wanton, reckless and done in bad faith." (Complaint ¶ 11). No further detail was provided in the Complaint.

## STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©.  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56©).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252).  Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citations omitted).  In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.*

at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## **ANALYSIS**

Pursuant to Fed. R. Civ. P. 56(a), Defendants cite to deposition testimony of the Plaintiff, and an Affidavit supplied by Janice M. Ridgeway in support of their motion for summary judgment. The deposition testimony and affidavit establish that Mr. Wilkerson had difficulty getting along with co-workers, supervisors and patrons; that he was confrontational,

-4-

temperamental, and disrespectful to his supervisors, and that his behavior and attitude negatively affected the work environment where he was employed.

Once a moving party moves for summary judgment and properly supports that motion with an affidavit, an opposing party may not rely merely on allegations or denials in its own pleadings. Fed. R. Civ. P. 56(e)(2). Rather, that party must - by affidavits, depositions, or answers to interrogatories – present some specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e)(1) and (2). Plaintiff failed to present any facts, by any of these means, in opposition to the Defendants' motion.[2] Plaintiff relied entirely on his pleadings, which themselves do not support a claim for race or age discrimination because there are no factual allegations indicating that he suffered from discrimination for either of these reasons, nor are there any allegations that other comparably situated employees of non-protected status were treated more favorably, or that any such person replaced Mr. Wilkerson after his termination .

**I.  Disparate Treatment Claim**

Title VII and O.R.C. §4112 prohibit employers from discriminating against employees on the basis of race or age. 42 U.S.C. § 2000e; O.R.C. §4112.99. "It is well established that the

---

[2]  Plaintiff failed to timely file any opposition to the Motion for Summary Judgment. The original deadline for the response was February 16, 2009. Plaintiff sought a 30 day extension of the deadlines which was granted in early January. (ECF #12). An order of clarification also specifically set forth the new deadline of February 27, 2009 for a response to the Summary Judgment Motion. (ECF #18). On February 24, 2009, the Plaintiff sought another extension until March 7, 2009 (a mere two working days prior to the trial date) to file his response. (ECF #19). No reason was given that would have necessitated the extension. The Court, nonetheless, allowed an extension through March 3, 2009. (ECF non-doc. dated 3/2/09). No response was filed by the Plaintiff on or before the final deadline of March 3, 2009.

burden is on an employment discrimination plaintiff to establish a *prima facie* case of discrimination." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citations omitted). A plaintiff may establish a claim of disparate treatment in one of two ways--via indirect or direct evidence. First, a plaintiff may establish his case "by presenting credible, direct evidence of discriminatory intent." *Mitchell*, 964 F.2d at 582 n.4. In the absence of direct evidence of discriminatory intent, a plaintiff may establish a *prima facie* case of discrimination by showing that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and, (4) he was replaced by a person outside the class. *Id; Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995);. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). If a plaintiff's claim is that a similarly situated non-minority was treated more favorably, the fourth prong of the test is altered, *i.e.*, "a plaintiff can also make out a prima facie case by showing, in addition to the first three elements, that 'a comparable non-protected person was treated better'." *Mitchell*, 964 F.2d at 582; *Valley*, 61 F.3d at 1246.

In applying this test, the burden of persuasion remains with the plaintiff, the burden of production shifts between the parties. The Sixth Circuit has described this approach as follows: "(1) the plaintiff must establish a prima facie case of racial discrimination; (2) the employer must articulate some legitimate, nondiscriminatory reason for its actions; and (3) the plaintiff must prove that the stated reason was in fact pretextual." *Harrison v. Metropolitan Gov't of Nashville and Davidson County*, 80 F.3d 1107, 1115 (6th Cir. 1996).

In establishing pretext, the plaintiff "may succeed . . . either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing

that the employer's proffered explanation is unworthy of credence." *Burdine*, 450 U.S. at 256. However, in order to withstand summary judgment, a plaintiff must come forward with evidence demonstrating that the defendant's articulated nondiscriminatory justification is not true. *Thurman v. Yellow Freight Sys.*, 90 F.3d 1160, 1166 (6th Cir. 1996), *amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996); *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1082 (6th Cir. 1994). To make a submissible case on the credibility of his employer's explanation, the plaintiff is required to show by a preponderance of the evidence (1) that defendant's proffered reasons for the adverse employment action had no basis in fact, (2) the proffered reasons did not actually motivate the action, or (3) the reasons were insufficient to motivate the adverse action. *Manzer*, 29 F.3d at 1082.

In this case, the Plaintiff has neither offered evidence of, or even alleged the existence of any direct evidence of discriminatory intent. In order to maintain his action, he must, therefore, establish a prima facie case of discrimination by showing that (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and, (4) a comparable non-protected person was treated better. *Id; Valley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995); *Mitchell*, 964 F.2d at 582.

Mr. Wilkerson, is an African American, and at the time of his termination was over fifty-five years of age. He is therefore, is a member of a protected class. He also clearly suffered an adverse employment action, i.e: termination. However, he has offered no evidence, nor even any allegation in his Complaint, that a comparable non-protected person replaced him, or was treated more favorably. In addition, he has failed to establish any genuine issue of fact relating to his qualifications for the position. Plaintiff testified at his deposition that he fully understood that

the position of substitute librarian for the Library required him to work at all branches and departments of the library; demonstrate courtesy, tact and effectiveness in dealing with others; interact with coworkers and patrons in a respectful manner; and, get along with branch managers and coworkers. (Pltf. Depo. pp. 137-41, 191-92; Pltf. Dep. Ex. C). He also essentially admitted his inability to meet these criteria by admitting to multiple confrontations with Library staff, lapses in diplomacy, losses of temper, being disrespectful to supervisors, and overstepping his authority with co-workers. (Pltf. Depo. pp. 76, 185-91, 218-19, 224, 230; Complaint ¶ 9). In addition, he admits that this behavior caused fifteen branches of the Library to specifically request that he not work at their locations, a situation that made scheduling substitute librarians difficult for the Library. (Pltf. Depo. pp. 211-14, 233, 238, 241-42). His claim, therefore, fails as a matter of law even if every fact in his Complaint is accepted as true.

Further, even if Mr. Wilkerson had established a prima facie case of discrimination, he has not come forth with any evidence whatsoever that would prove the Defendants' articulated nondiscriminatory justification for his termination is not true. In fact, Mr. Wilkerson's testimony at his deposition corroborates and supports the Defendants' contention that he was fired because he demonstrated a confrontational attitude and was unable to get along with supervisors, co-workers and patrons of the library. Ms. Ridgeway also submitted an affidavit attesting to the fact that fifteen out of twenty-eight branch locations of the library had specifically requested that Mr. Wilkerson not be scheduled to work at their branches. (Ridgeway Affidavit, ¶¶ 4-8). This is created a serious and unnecessary scheduling challenge for a position that was designed to provide for a substitute librarian at any branch in need. Mr. Wilkerson does not challenge this assertion, in fact, he admits that he was not wanted as a substitute at over half of the Library's

branches and that this caused scheduling difficulties for the library. (Pltf. Dep. Pp. 241-42). Further the Defendants have cited innumerable instances of Mr. Wilkerson's confrontations, disagreements, arguments, insubordination, and general inability to get along with his co-workers and/or patrons, each of which was admitted by Mr. Wilkerson during his deposition. (Pltf. Depo. Pp. 76, 179-81, 185-91, 193-97, 212-13, 218-19, 225-29, 230, 232, Even the Complaint admits to confrontations with the Library staff. (Complaint ¶ 9). Hence, rather than providing evidence that the Library's proffered reason for his termination is not based on fact, Mr. Wilkerson's own testimony establishes the facts that support the Library's position.

Finally, although Mr. Wilkerson alleges that he was discriminated against on the basis of race and age, he alleges no facts whatsoever to support this bald assertion. If anything, Mr. Wilkerson's comments and allegations tend to show that he, himself, harbors a discriminatory bias against African-American women in general, not that any of the Library staff evidenced any discrimination against him. (Pltf. Depo. pp. 15-16, 18-23, 98-107, 114-117, 196-97). [3]

**II. Additional Claims**

    A. <u>Negligent and Intentional Infliction of Emotional Distress</u>.

Mr. Wilkerson asserts that the Defendants' actions (i.e., his termination) amounted to negligent and/or intentional infliction of emotional distress. Because he has presented absolutely no evidence that would indicate that his termination was, in any way, unlawful, he cannot recover

---

[3] Because Plaintiff has failed to present any evidence that race was a motivating factor in Defendants' decision to terminate his employment, or that it any way affected his working environment, he cannot recover under 42 U.S.C. § 1981a or the Equal Protection Clause of the United States Constitution.

for any emotional distress he may have suffered as a consequence.    There is absolutely no evidence or allegation of extreme and outrageous behavior by the Defendants, nor is there any evidence or factual allegations sufficient to indicated that Mr. Wilkerson suffered the requisite level of  "serious" emotional distress that is  required for recovery under these theories.

    B.  Slander and Libel.

Defamation, be it slander or libel, is the "unprivileged publication of a false and defamatory matter about another." *McCartney v. Oblates of St. Francis de Sales*, 80 Ohio App. 3d 345, 353 (Ohio Ct. App. 1992).   The Plaintiff made no allegation in his Complaint of any publication or false statement of any kind made by the Defendants.  The only statement identified by the Plaintiff as potentially defamatory in his deposition was the Defendants' verification to the Equal Employment Opportunity Commission ("EEOC"), that it discharged the Plaintiff for "poor performance."  Mr. Wilkerson has offered no evidence whatsoever that this statement was false.  Further, any statement made to the EEOC in connection with the investigation of Plaintiff's charge enjoys a qualified-privilege defense.

    C.  Hostile Work Environment

To establish a hostile work environment harassment claim, Plaintiff must prove (1) that he was subject to unwelcome harassment because of his gender or race; (2) that the harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, privileges of employment; and, (3)  that his employer knew or should have known of the charged harassment and failed unreasonably to take prompt and appropriate corrective action.  *Fenton v. HiSan, Inc*., 174 F.3d 827, 829-30 (6th cir. 1999).  The Plaintiff's Complaint offers no factual allegations of a hostile work environment, no allegations of racially or sexually motivated harassment, no

allegations that his employer knew or should have known of any harassing behavior, and no allegations that his employer failed to take appropriate action to address any such harassment. The Plaintiff has also failed to present any evidence that would satisfy the elements of this type of claim.

    D. <u>Retaliation</u>.

Plaintiff's claim of retaliation is equally deficient. In order to support a claim of retaliation, Plaintiff, first and foremost, would have to prove that he engaged in some type of protected activity. *Burlington N. & Santa Fe Rwy. Co. v. White*, 548 U.S. 523 (2006). The Complaint makes no allegation that Plaintiff engaged in any protected activity, nor has Mr. Wilkerson produced any evidence to suggest that he was engaged in protected activity of any kind. Because the plaintiff has failed to provide any factual support whatsoever in support of his claims or in opposition to Defendants' Motion for Summary Judgment, we are compelled to grant the Defendants' motion.

## **CONCLUSION**

For the reasons set forth above, the Defendants' Motion for Summary Judgment (ECF #15) is hereby GRANTED. IT IS SO ORDERED.

                                       /s/Donald C. Nugent
                                       Judge Donald C. Nugent
                                       United States District Judge

Date:   March 4, 2009